UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


ROBERT F. DUGAN                                    CASE NO.: 5:10-cv-367-Oc-10PRL
       Plaintiff,


v.


SCOTT A. MIDDLEBROOKS, et al,
       Defendants.

_____/

## **SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS AND MOTION**

## **FOR SUMMARY JUDGMENT**

The Plaintiff, ROBERT F. DUGAN, by and through his undersigned counsel files

this his Supplemental Response to the Defendant's Motion to Dismiss and Motion for

Summary Judgment and would show:

In support of the Motion to Dismiss the  Defendant assert that the majority of the

Plaintiff's claims are barred because they are asserted as constitutional violations as they

relate to the liability of the United States.   However, Congress has not barred

constitutional claims against the United States and, in addition under **Bivens** (citation

omitted) those claims are not barred against the individual officials.  See, **Carlson v.**

**Green**, 446 U.S. 14 at 20 100 S.Ct. 1468 at 1472 (1980), holding that plaintiff "in the

absence of a contrary expression  from Congress . . . shall have an action under the

F.T.C.A. against the United States as well as a **Bivens** action against the individual officials alleged to have infringed their constitutional rights". Therefore under **<u>Bivens</u>** the Plaintiff's claims against the individual officials are not barred.  Likewise under the F.T.C.A., Plaintiff's claims, even though asserted as constitutional violations are not barred on their face and as to those claims the Motion to Dismiss should be denied.

Next the Defendant's assert that the District Court is without jurisdiction to entertain the Plaintiff's claims because he failed to file an administrative claim under the F.T.C.A. as to the negligent treatment of his dental needs as well as the limited nature of his filed claim for failure to provide sanitary items during the February 10, 2010 through February 8, 2010, lockdown.  The complaint and supporting affidavits clearly demonstrate that here the Plaintiff prior to filing this lawsuit exhausted his administrative remedies. The Plaintiff provided to the Bureau of Prisons more than sufficient information to notify the agency of all of his claims and allow investigation of his allegations, as well as to apprise the agency of potential liability.  The Plaintiff more than satisfied the requirements of the F.T.C.A.  No specific form is required and the provisions of the act were met by the Plaintiff.  **<u>Bush v. United States</u>**, 703 F.2d 491 (11th Cir. 1983); see also, **<u>Frantz v. United States</u>**, 29 F.3d 222 (5th Cir. 1994)

In this case the Plaintiff provided ample information to allow the agency to investigate his complaints, to evaluate his claims and determine possible liability based

upon his valuation of the claims. The Plaintiff satisfied the requirements of the F.T.C.A. and this Court has jurisdiction of his complaint and all of his claims asserted in the Complaint.

In so far as Defendant's assertion that Plaintiff's claims with regard to the lack of provision of sanitary and grooming supplies is excepted from liability by the discretionary function. This exception to the F.T.C.A. may well be true as the claim relates to the February, 2010 lockdown. However the exception does not apply to the entire claim as Bureau of Prison regulations provide that all prisoners shall be provided hygiene and sanitary items as pointed out by the Plaintiff in his initial response to the Motion to Dismiss and for Summary Judgment. A review of the attachments to Plaintiff's complaint and the supporting affidavits reveal this was an ongoing complaint by the Plaintiff. His allegations appear supported and he provided notice of the conditions of confinement to the agency for administrative review.

Notwithstanding the discretionary functions exception to the F.T.C.A., a federal officer may not in executing their duty ignore the statutory or regulatory requirements imposed upon their position. **Butz v. Economou**, 438 U.S. 478, 98 S.Ct 2894, 57 L.Ed 2d 895 (1978) A federal officer's actions lie outside the scope of his authority when the officer fails to comply with the affirmative requirements of the law whether they are imposed by statute or regulation. **Castro v. United States**, 560 F.3d 381, (5th Cir. 2009)

If an officer fails to comply with a statute or regulation governing his or her conduct, then that conduct is neither necessary or proper as in this case where as alleged and demonstrated by the Plaintiff, the Defendant failed to provide him with routine sanitary supplies, despite the Bureau of Prisons regulations to the contrary. The Defendant's conduct was not protected. Thus Plaintiff's claims as regard the provision of sanitary supplies and grooming items should not be dismissed. In addition a review of the affidavits demonstrate the existence of material issues of fact as to whether the Defendant complied with the Bureau of Prisons directives on this subject and summary judgment is not proper.

Lastly, the Defendant's assert that they individually are entitled to qualified immunity and are thus entitled to summary judgment. Qualified immunity is a doctrine that generally shields "[g]overnment officials performing discretionary functions...from liability for civil damages in so far as their conduct does not violate clearly established rights of which a reasonable person would have known. **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct 2727, 2738, 73 L.Ed 2d 396 (1982); see also **Wood v. Kesher**, 323 F.3d 872 (11th Cir. 2003) Under this concept a government official is shielded from liability under two scenarios: (1) the Plaintiff fails to establish the official violated his or her rights; or (2) the Plaintiff established a violation of rights that are not "clearly

established".  **Pearson v. Callahan**, 555, U.S. 223, 243 - 44, 129 S.Ct. 808, 172 L.Ed 565 (2009)

In this particular case as to the Plaintiff's allegations concerning the failure to provide sanitary supplies, it is clear that the affidavits establish an issue of fact which precludes dismissal in light of the Bureau of Prisons regulations which require that the officials provide these items to prisoner such as the Plaintiff here.  **Hope v. Pelzer**, 536 U.S. 730 122 S.Ct. 2508, 153, L.Ed 2d, 666 (2002)  Clearly to violate agency regulations wold violate a "clearly established" right in this regard.  These were not discretionary functions and the Defendants are not entitled to qualified immunity.

## CONCLUSION

Based upon the foregoing arguments and citations to authority as well as Plaintiff, ROBERT F. DUGAN's **Pro Se** response, this Court should deny the Defendant's Motion to Dismiss and Motion for Summary Judgment.

Respectfully submitted,

/s/*Michael W. Johnson, Esq.*
Michael W. Johnson, Esq.
2320 NE 2nd St., Suite 3A
Ocala, FL 34470
(352) 620-2913
Fla. Bar No. 348090
Attorney for Plaintiff
michael_w_johnson@worldnet.att.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August, 2012, I filed the foregoing with the Clerk of Court via CM/ECF which will provide a copy to Jeffrey T. Middendorf, Esq., Special Assistant United States Attorney for the Defendants.


/s/*Michael W. Johnson, Esq*
Michael w. Johnson, Esq.