# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**ROBERT F. DUGAN,**

      **Plaintiff,**

**v.**                                                      **Case No: 5:10-cv-367-Oc-10PRL**

**SCOTT A. MIDDLEBROOKS, et al.,**

      **Defendants.**

_____

## ORDER

This matter is before the Court on Plaintiff's Renewed Motion to Compel (Doc. 96) and supplement thereto (Doc. 101).   Defendants have responded.   (Docs. 99, 105).[1]   For the reasons discussed below, Plaintiff's Renewed Motion to Compel (Do. 96) is **GRANTED** in part, **DENIED** in part, and **DEFERRED** in part.

### I.       Background

Plaintiff, who is incarcerated and proceeding *pro se*, filed this action pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   Plaintiff alleges that since April 2007, Defendants have acted with deliberate indifference to his serious medical needs by failing to provide "prompt and effective dental treatment for two cracked, broken, crumbling teeth in which the fillings had fallen out" and that as a result he has suffered from cuts and bleeding gums, lips and tongue.   Plaintiff also alleges that Defendants acted with deliberate indifference and gross negligence by refusing to provide Plaintiff

---

[1] The responses were filed on behalf of all Defendants, except A. Kendrick who is represented by separate counsel.

with soap, scouring cleanser, and other basis items necessary to maintain sanitation and proper personal hygiene, and that as a result he has suffered from "colds, flus, rashes, sores on skin, diarrhea, infections, MRSA, and/or exposed me to enhanced and un-necessary risks of those and other diseases/injury(s)."

At issue here is Plaintiff's Request for Discovery.   (Doc. 201 at 5-7).   Although there is some dispute as to when Plaintiff served his Request for Discovery and whether it was timely, the Court declines to resolve this dispute, and instead addresses the substance of Plaintiff's requests

## Background

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed. R. Civ. P. 26(b)(1).   The party seeking discovery has the threshold burden of showing that the requested discovery is relevant.  *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).   Relevant information need not be admissible at trial; rather, discovery must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

### *Medical Records*

In request number 1, Plaintiff requests copies of his medical and dental records maintained by the Federal BOP.   Other than noting that Plaintiff could have submitted a request for these documents, Defendants do not object to producing the medical records.   Defendants acknowledge that these records are also responsive to request number 16.   Accordingly, Defendants shall produce Plaintiff's medical and dental records pursuant to requests numbered 1 and 16.

In request number 6, Plaintiff seeks "Call Out" sheets related to appointments in the Health Service Department.   Defendants represent that they have no documents responsive to this

request, but that all appointments and encounters with the Health Services Departments are documented in the medical records.

### *Lockdown Documents*

In several requests (numbers 2, 3, 4, 5) Plaintiff seeks information about "lockdowns" of the facility that occurred between 2007 and 2011.   In his Complaint, and the attachments thereto (Doc. 1 at 40-41), Plaintiff alleges that in the H-unit (where he was assigned to live), Defendants refused to provide soap, scouring cleanser, and other items necessary to maintain sanitation and proper personal hygiene.   Plaintiff alleges that contrary to policy, the staff in H-unit only provided supplies to indigent inmates and that otherwise, inmates had to purchase such supplies at the commissary.   Plaintiff alleges that when the prison was on "lockdown," inmates were not permitted to shop at the commissary; and thus, could not get the supplies.

Based on these allegations, the dates that "lockdowns" occurred in H-unit could be relevant to Plaintiff's claims.   However, it is unclear why additional information about the lockdowns (i.e., memorandums, notes, letters, reports, investigative reports, housing unit "Daily Logs," e-mails) is relevant, especially in light of the burden on Defendants to produce such information. Accordingly, Defendants shall respond to requests numbered 2 and 4, but are not required to respond to requests numbered 3 or 5.

### *Inmate Information*

In request number 7 and request number 8, Plaintiff seeks the name, registration number, and contact information of every prisoner assigned to housing in H-unit in February 2010. Although Plaintiff offers no explanation as to the relevance of this information, it is presumably related to Plaintiff's claim that he was kept in unsanitary conditions (no showers and no cleaning supplies) during a lockdown in February 2010.   (Doc. 1 at 67-68).   Likewise, in request number

9 and request number 10, Plaintiff seeks the name, registration number, and contact information of every prisoner assigned to H-unit between October 1, 2009 through December 1, 2009.   This request appears to relate to Plaintiff's claims both regarding dental care and the purported failure to provide soap, cleanser and other items necessary for personal hygiene. (Doc. 1 at 26, 39, 42-46).

Defendants object to these requests as overly broad and unduly burdensome.   Defendants explain that the Bureau cannot easily obtain this information because the computer system is not capable of running a past "roster" of inmates for any given day, month, or year.   In the absence of any explanation as to why this information is relevant, the Court is persuaded that Plaintiff's request is overly broad and unduly burdensome.   However, as Defendants explain, if Plaintiff identifies specific inmates, the Bureau can verify that they were assigned to H-unit at a given time and their current location if they are still in the custody of the Bureau of Prisons.   Thus, while the Court will not compel Defendants to respond to requests numbered 7, 8, 9 and 10, Plaintiff may submit requests to the Bureau as to specific inmates.

### *Dental Department*

In request number 11, Plaintiff requests the name and registration number of every prisoner who was provided dental care or treatment at USP-1 from 2007 through 2011.   Defendants argue that this request is overly broad and explain that it would be unduly burdensome to obtain this information.   The Court agrees since the care and treatment that other inmates received is not relevant to Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs.   Accordingly, Plaintiff's motion to compel is denied as to request number 11.

Next, in request number 12, Plaintiff seeks the name of each dentist, doctor, or dental assistant who provided dental care or treatment at USP-1, Coleman between 2007 and February

22, 2012.   The Court agrees that this request is also overly broad.   Plaintiff's dental records will reflect the names of all individuals who had contact with Plaintiff.   Plaintiff has failed to offer any explanation as to why information about individuals with whom he had no contact would be relevant to his claim.   Thus, Plaintiff's motion to compel is denied as to request number 12.

Likewise, request number 13 is due to be denied as overly broad.   Plaintiff seeks work sheets or work logs concerning care provided by the dental staff at USP-1 from 2007 through February 22, 2012.   The Court has already ordered Defendants to produce Plaintiff's medical records.   Records related to other inmates is not relevant to Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs.

Finally, in request number 14, Plaintiff seeks information concerning meetings of the "Quality Improvement Program."   This request is denied because Plaintiff has not explained the relevance of this information, nor is it evident from the record.

### Expert Witness

In request number 15, Plaintiff seeks the name and address of any "expert" witnesses that Defendants intend to call.   In response, Defendants represent that they intend to call Chief Dental Officer Ray M. McCullough if necessary and note that his declaration and certification of records is filed on the docket at Doc. 17-1, Exhibit 8.   Accordingly, Defendant have already provided the information sought by this request.

### Video Recording, Visual Recording, Photographs

In request number 17, Plaintiff seeks every video or visual recording recorded between 2007 and February 22, 2012 depicting Plaintiff in the possession, custody, or control of a Bureau of Prisons employee.   Similarly, in request number 18, Plaintiff requests copies of every video, visual recording, or photograph depicting: H-unit from October 2009 through November 2009; H-

unit in February 2010; and the Special Housing Unit from October 27, 2011 through February 22, 2012. Plaintiff has not explained what he is looking for in these recordings (and why it would be relevant). Defendants rightfully object that the requests are overbroad and unduly burdensome. Moreover, the video footage for the requested time period is likely unavailable as the video footage records over itself. Accordingly, the motion to compel requests number 17 and number 18 is due to be denied.

### Bar Soap, Liquid Shampoo, Scouring Cleanser, Virex II

Finally, in request number 19, Plaintiff seeks copies of all order forms, inventory lists, vouchers for disbursements, checks for payments on accounts relating to bar soap, liquid shampoo, scouring cleanser, and Virex II at USP-1 between 2007 and February 22, 2012. Although it is clear that this request relates to Plaintiff's constitutional claim of unsanitary conditions, the Court is unsure exactly what evidence Plaintiff is seeking and for what purpose. Accordingly, the Court will defer ruling on this request to allow Plaintiff an opportunity to provide additional information.

### CONCLUSION

For the reasons discussed above, it is **ORDERED**:

1. Plaintiff's Renewed Motion to Compel (Doc. 96) is **GRANTED** to the extent that within **Fourteen (14) days** of this Order, Defendants shall serve Plaintiff with full and complete responses to requests numbered 1, 2, 4 and 16.

2. Plaintiff's motion is **DENIED** as to requests numbered 3, 5, 6, 7, 8, 9. 10, 11, 12, 13, 14, 15, 17, and 18.

3. The Court **DEFERS** ruling on Plaintiff's motion as to discovery request number 19. Within **fourteen (14) days** of this Order, Plaintiff shall file additional information regarding discovery request 19. Specifically, he shall state what evidence he is seeking (i.e., records from

the commissary, records regarding inmate supplies) and for what purpose he is seeking the evidence (i.e., what is he trying to prove with this information).   Within **ten (10) days** of Plaintiff filing such additional information, Defendants may file a response, following which the Court will issue a ruling on Plaintiff's motion to compel a response to discovery request number 19.

       **DONE** and **ORDERED** in Ocala, Florida on August 4, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties